IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| YVETTE GLASCOE, | * |
| Plaintiff, | * |
| V. | * CASE NUMBER: 2024- |
| MOBILE LUMBER AND BUILDING MATERIALS, INC., MOBILE LUMBER AND MILLWORK, INC., MOBILE LUMBER COMPANY, INC., and MOBILE LUMBER CO., | * |
| Defendants. | * |

## COMPLAINT

COMES NOW the Plaintiff, YVETTE GLASCOE, by and through her undersigned attorney, and for her Complaint against the above-named Defendants would show the following:

### I. Preliminary Statement

1. This action seeks declaratory, injunctive and equitable relief; compensatory and punitive damages; and costs and attorney fees for gender and age discrimination suffered by Plaintiff as a result of her employment with Defendant.

### II. Jurisdiction

2. This action arises under the 14th Amendment to the United States Constitution and Title VII, 42U.S.C. §2000e, et seq. and 42 U.S.C. §1983. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission which investigated and issued a "right to sue" letter on September 5, 2024. Plaintiff has filed this Complaint less than 90 days from the receipt of her Notice of Suit Rights (see attached Exhibit "A").

3. Jurisdiction is invoked pursuant to 28 USC §§ 1331 & 1343.

### III. Venue

4.  This action properly lies in the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district and the Defendants reside in Mobile County, Alabama.

### IV. Parties

5.  Plaintiff, YVETTE GLASCOE, is a female citizen and resident in the United States, who at all times relevant hereto resided in Mobile, Alabama.

6.  Defendant, MOBILE LUMBER AND BUILDING MATERIALS, INC., MOBILE LUMBER AND MILLWORK, INC., MOBILE LUMBER COMPANY, INC., and MOBILE LUMBER, are corporations organized and existing under the laws of the State of Alabama.

7.  Defendant, JIM HENDERSON, is owner of MOBILE LUMBER AND BUILDING MATERIALS, INC. and MOBILE LUMBER AND MILLWORK, INC., and was acting in his official capacity at all times relevant hereto. Plaintiff brings this action against JIM HENDERSON in his official and individual capacities.

8.  Defendant, JIM HENDERSON, was at all times relevant hereto an owner and operator of MOBILE LUMBER AND BUILDING MATERIALS, INC., MOBILE LUMBER AND MILLWORK, INC., MOBILE LUMBER COMPANY, INC., and MOBILE LUMBER, and was acting in his official capacity and was Plaintiff's supervisor. Plaintiff brings this action against JIM HENDERSON in his official and individual capacities.

### V. Facts

9.  Plaintiff is an adult female born October 27, 1967. As of the date of filing she is fifty-seven (57) years old. As an adult older than forty (40) years old, she is within a protected

class under the American age discrimination and employment act (ADEA).

10. Plaintiff was employed with MOBILE LUMBER AND BUILDING MATERIALS, INC., MOBILE LUMBER AND MILLWORK, INC., MOBILE LUMBER COMPANY, INC., and MOBILE LUMBER, for approximately ten (10) years as a sales associate beginning in July 2014.

11. Or about March 29, 2024, Plaintiff was harassed by JIM HENDERSON, owner and employer at MOBILE LUMBER AND BUILDING MATERIALS, INC., MOBILE LUMBER AND MILLWORK, INC., MOBILE LUMBER COMPANY, INC., and MOBILE LUMBER, at which time he bullied her, accused her of "being deaf" and asked her if she "needed hearing aids;" these communications with her, regarding her duties as a sales associate. These were generally berating and insulting, consistent with other harassing behavior which shall be shown. Plaintiff made a complaint about the harassment to store Manager, JASON HUDDLESTON and to Ashley Altamira, Human Resources Manager. Plaintiff's complaints were ignored. No action was taken regarding this or other generally hostile environment comments and behavior from Mr. Henderson towards me which shall be further described at trial.

12. An additional incident occurred on or about May 1, 2024, wherein said JIM HENDERSON informed Plaintiff that payment taken on a sale she had made was by a customer with a fraudulent/stolen credit card. Plaintiff was accused by Mr. Henderson of being at fault for the loss of money because of the customer's fraudulent credit card. For "punishment", Mr. Henderson advised Plaintiff that the loss would be taken out of her paycheck. This was done resulting in a reduction in her pay in the amount of $5,000.00. Further evidence shall be shown.

13. These and other incidents created a hostile work environment which materially affected the terms and condition of Plaintiff's employment. These conditions also caused Plaintiff severe emotional distress. Further evidence shall be shown at trial.

14. Plaintiff would show Defendant's intentional harassment was for the purpose of creating a hostile work environment the effect of which was unreasonable interference with Plaintiff's ability to perform her job, such that she could no longer reasonably continue to work as an employee for Defendant; that Defendant's actual purpose was to force her to quit because of her age and/or gender. Further evidence shall be shown.

### VI. Cause of Action

### COUNT I

15. Plaintiff incorporates each and every paragraph above as if fully set out herein.

16. The above described harassment and other improper actions, were visited upon Plaintiff due to her gender and, therefore, violated Title VII of the 1964 Civil Rights Act, and 42 U.S.C. §1983.

17. As a result of Defendants' discriminatory actions, Plaintiff has suffered economic loss, emotional distress, humiliation and embarrassment for which she is entitled to compensatory relief. Plaintiff is also entitled to past and future lost wages, as well as equitable relief.

18. Plaintiff seeks actual damages in the amount of $5000 for the money withheld from her paycheck based upon the fraudulent credit card allegation.

19. Plaintiff seeks damages exceeding $75,000 as compensatory damages for her lost wages in the amount of $355,000. Plaintiff furthermore seeks punitive damages in the amount of

$700,000, with total damages in the amount of $1,055,000. Further and more specific evidence shall be shown at trial.

20. Defendants' discriminatory actions were carried out with malice or reckless indifference to the Plaintiff's federally protected rights and, accordingly, Plaintiff seeks punitive damages.

## VII. Prayer for Relief

WHEREFORE, Plaintiff, YVETTE GLASCOE, hereby demands judgment against Defendants and would respectfully pray that this Court grant the following relief:

    a. Declare Defendants' conduct to be in violation of Plaintiff's rights;

    b. Award Plaintiff compensatory damages;

    c. Award Plaintiff punitive damages;

    d. Award Plaintiff costs and attorney's fees;

    e. Award Plaintiff any and all other equitable relief to which she is entitled;

    f. Grant such other relief as the Court may deem as just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY OF ALL CLAIMS ASSERTED HEREIN.**

/s/ Ronald (Chip) Herrington
RONALD (CHIP) HERRINGTON (HERRR8710)
Attorney for Plaintiff, Yvette Glascoe

**Ronald (Chip) Herrington**
**Attorney at Law, LLC**
1053 Dauphin St.
Mobile, Alabama 36604
(251) 438-2332
herrington.chip@gmail.com
**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**
Mobile Lumber and Building Materials, Inc.
Registered Agent, Robert M. Galloway
3263 Cottage Hill Road
Mobile, AL  36616

Mobile Lumber and Millwork, Inc.
Registered Agent, Robert M. Galloway
3263 Cottage Hill Road
Mobile, AL  36616

Mobile Lumber Company, Inc.
5229 Highway 90 West
Mobile, AL  36619

Mobile Lumber Company
5229 Highway 90 West
Mobile, AL  36619

Jim Henderson
5229 Highway 90 West
Mobile, AL  36619